**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL VICARS-GOINGS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A04-1405-CR-242 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-0808-FD-2550, 0803-FD-796, 0806-FD-2050, 0802-FD-578

**December 18, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Michael Vicars-Goings appeals the sentence imposed upon the revocation of his probation. We affirm.

## Issue

Vicars-Goings raises one issue, which we restate as whether the trial court properly ordered him to serve the remainder of his sentence in the Department of Correction ("DOC").

## Facts

In 2009, Vicars-Goings pled guilty to several charges filed under different cause numbers including two counts of Class D felony receiving stolen property, Class D felony possession of methamphetamine, Class D felony possession of a controlled substance, and two counts of Class D felony operating a vehicle as an habitual traffic violator. For one of the receiving stolen property charges, Vicars-Goings was sentenced to two years executed. For the possession charges, Vicars-Goings was sentenced to two years, with eighteen months executed and six months suspended, and these sentences were ordered to run concurrently. For the three remaining charges, Vicars-Goings was sentenced to two years, with eighteen months executed and six months suspended. Other than the possession charges, the sentences were ordered to be served consecutively for a total sentence of ten years, with eight years executed and two years suspended.

At some point, Vicars-Goings began serving his suspended sentence on probation. In August 2012, December 2012, and January 2013, Vicars-Goings had positive drug screens for methamphetamine. In February 2013, the State filed a petition to revoke his

probation. In the meantime, he was sent to a residential treatment facility, but he left before completing the program.

Twice in May 2013 and once in June 2013, Vicars-Goings tested positive for methamphetamine, and the State filed another petition to revoke his probation. In July 2013, Vicars-Goings was ordered to be evaluated for placement in a sober living program. He completed the program, but it was deemed unsuccessful because he owed money. Thereafter, he failed to successfully complete another program and missed three appointments with his counselor in December 2013.

In May 2014, a probation revocation hearing was held, and the trial court revoked Vicars-Goings's probation. The trial court ordered him to serve the remainder of his suspended sentence in the DOC. He now appeals.

**Analysis**

Vicars-Goings argues that the trial court abused its discretion when it ordered him to serve the remainder of his suspended sentence in the DOC as opposed to an alternative program where he could address his addiction and mental health issues. Upon the revocation of probation, the trial court may: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; and (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(g). A trial court's sentencing decisions for probation violations are reviewable for an abuse of discretion. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007).

3

Vicars-Goings argues that he was an addict and suffered mental health issues, which were exacerbated by his inability to afford medication. Although there was evidence that he suffered mental health issues and could not afford medication, as the trial court recognized, he was given the opportunity to help himself during the previous eighteen months of his probation but was not successful. Because Vicars-Goings was repeatedly allowed to participate in drug treatment programs before his probation was actually revoked, we cannot conclude that the trial court abused its discretion in ordering him to serve the remainder of his sentence in the DOC.

## Conclusion

Vicars-Goings has not shown that the trial court abused its discretion in ordering him to serve the remainder of his sentence in the DOC. We affirm.

Affirmed.

MAY, J., and PYLE, J., concur.

4